WATSON, Justice,
dissenting.
The charges filed by the Judiciary Committee (for whose members I have great respect) seem to relate to alleged events of 1980 and 1982. They are based largely on testimony by persons engaged in dope and prostitution. Judge Whitaker has been reelected to office, without opposition, by the people of his district since the alleged acts.
It is entirely inappropriate for this Court, acting with great haste and without time to study the record and the charges to summarily suspend from office a duly elected, Constitutional officer of this state.
True, the Court has the authority. It “may disqualify” during the pendency of the charges. La. Const. Art. 5 § 25(C). This discretionary power should be exercised only when there is a showing of mental or physical disability or when there are serious criminal charges pending against a judge.
Here the charges are principally that the judge is or was in the past immoral plus one charge that he erred in a case involving a hunting friend. These charges are properly addressed to the voters of his district and are not appropriate as a basis for summary suspension.
There is no charge of present disability; indeed, lawyers of the district have indicated that Judge Whitaker is effectively and efficiently carrying out his duties. There are no criminal charges pending. I would give him a full and fair hearing before acting on his case.
Therefore, I respectfully dissent.